# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3345 | **DATE** | 12/6/2004 |
| **CASE TITLE** | CONCEPT INNOVATION, et al. vs. CFM CORP., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The parties' motions for claim construction [21-1, 23-1] are granted in part and denied in part. Technical default is entered against defendant CFM Home Products a/k/a and d/b/a The Great Outdoors Grill Company. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 07 2004 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/6/2004 | |
| CB | courtroom deputy's initials | | date mailed notice PW mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONCEPT INNOVATION, et al., | ) | |
| | ) | |
| Plaintiffs and Counter-Defendants, | ) | No. 04 C 3345 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CFM CORPORATION, et al., | ) | |
| | ) | |
| Defendants, Counter-Plaintiffs and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUCAS PAI and ACTIVE GENE, INC., | ) | |
| | ) | |
| Third Party Defendants, | ) | |
| | ) | |
| ACTIVE GENE, INC. | ) | |
| | ) | |
| Third-Party Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CFM CORPORATION and CFM U.S. CORPORATION, | ) | |
| | ) | |
| Third-Party Counterclaim Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Concept Innovation Inc. ("Concept") and Lucas Innovation Inc. (collectively "plaintiffs") sue CFM Corporation, CFM U.S. Corporation a/k/a and d/b/a The Vermont Castings Majestic Products Company, (collectively "CFM"), and CFM Home Products a/k/a and d/b/a The Great Outdoors Grill

1



Company[1] for patent infringement pursuant to 35 U.S.C. § 271 *et seq.* CFM counterclaims against plaintiffs and asserts various third-party claims against Lucas Pai and Active Gene, Inc., including claims for patent invalidity and correction of inventorship under 35 U.S.C. § 256. Concept and CFM move for construction of the claimed designs of United States Design Patent Nos. D470,012 ("the '012 patent"), D479,430 ("the '430 patent"), D486,033 ("the '033 patent") and D488,026 ("the '026 patent").

## BACKGROUND

The '012 patent entitled "Body of a Barbeque Grill" issued on February 11, 2003. The sole claim of the '012 patent is to "the ornamental design for a body of a barbeque grill, as shown." Generally, the '012 patent drawings illustrate a grill body with a clam shell shape. The '430 patent entitled "Barbeque Grill" issued on September 9, 2003. The sole claim of the '430 patent is to "the ornamental design for a barbeque grill, as shown." Generally, the '430 patent drawings illustrate the clam shell grill body, as depicted in the '012 patent, on a rectangular frame stand. The '033 patent entitled "Barbeque Grill" issued on February 2, 2004. The sole claim of the '033 patent is to "the ornamental design for a barbeque grill, as shown." Generally, the '033 patent drawings illustrate a grill body on a X-shaped stand. The '026 patent entitled "Barbeque Grill Stand" issued on April 6, 2004. The sole claim of the '026 patent is to "the ornamental design for a barbeque grill stand as shown." Generally, the '026 patent drawings illustrate the X-shaped stand reflected in the '033 patent.

---

[1]CFM Home Products a/k/a and d/b/a The Great Outdoors Grill Company is in technical default. Return of service on CFM Home Products was executed on 5/12/04. Dkt. No. 5-1. CFM Home Products has not filed an appearance or responsive pleading.

## DISCUSSION

### I. Legal Standard

Determining whether a design patent is infringed requires a two-step analysis. First, the district court must construe the patent claims. *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1376 (Fed. Cir. 2002). Then, the construed claim is compared to the accused product. *Id.* Comparison to the accused product requires application of both the "ordinary observer" and "point of novelty" tests. *Id.* at 1377. Unlike utility patents, design patents do not describe claimed designs in words: "[n]o description, other than a reference to the drawing, is ordinarily required . . . more than one claim is neither required nor permitted." 37 C.F.R. § 1.153(a); *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., Inc.*, 162 F.3d 1113, 1116 (Fed. Cir. 1998). Accordingly, design patents have almost no scope; they are limited to what is shown in the application drawings. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995); *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988); *Schnadig Corp. v. Collezione Europa U.S.A.*, No. 01 C 1697, 2002 U.S. Dist. LEXIS 19083, *24 (N.D. Ill. Oct. 2, 2002). "In construing a design patent claim, the scope of the claimed design encompasses its visual appearance as a whole, and in particular the visual impression it creates." *Contessa*, 282 F.3d at 1376 (citations omitted). The district court should take note of the ornamental features that produce the overall appearance of the design. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). The court may consider the claims, specification, prosecution history and expert testimony that does not contradict the intrinsic evidence. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979-80 (Fed. Cir. 1995). However, in construing design patent claims, a district court need not consider what one of ordinary skill in the art would have understood the claim terms to mean at the time of invention. Instead, a district court

3

properly construes design patent claims through its own eyes and by "translating visual descriptions into words" that "evoke the visual image of the design." *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 and n.2 (Fed. Cir. 1996).

## II. Points of Novelty

A design patent protects the novel, ornamental features of the design patent. *Keystone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993). The parties contend that in addition to providing a visual description, the court must identify the claimed designs' points of novelty at the claim construction phase. The point of novelty test, however, is one of two required tests applied when the court compares the previously construed claim to the accused product in order to determine infringement. *Contessa*, 282 F.3d at 1376-77. "Both the ordinary observer and point of novelty tests are factual inquiries that are undertaken by the fact finder during the infringement stage of proceedings, after the claim has been construed by the court." *Bernhardt, L.L.C., v. Collezione Europe USA, Inc.*, 386 F.3d 1371, 2004 U.S. App. LEXIS 22592, *31 (Fed. Cir. Oct. 20, 2004). In *Bernhardt*, the parties disagreed as to when the points of novelty should be determined. After declining to determine points of novelty at the claim construction stage, the district court held plaintiff had failed to establish at trial that defendant appropriated the patent's points of novelty. *See id.* at *27-28. The Federal Circuit indicated the point of novelty test is a factual inquiry to be considered during the infringement stage of proceedings and considered the evidence necessary to prove infringement under the point of novelty test. *Id.* at *31-34. Here, the parties have submitted evidence, as delineated in *Bernhardt*, needed to establish points of novelty with their claim construction motions. *Id.* at *33-34. However, application of both the ordinary observer and point of novelty tests must be reserved for trial on the issue of infringement. *Id.* at *31.

4

## III. Designs Claimed

### A. The '012 Patent

#### 1. Concept's Proposed Construction

Concept submits that the overall visual impression of the '012 patent should be construed as:

> A grill body with a clam shell design. The body has separate top (lid) and bottom portions having a matching clam shell shape. The lid has a raised section formed by a number of faceted planar surfaces with adjacent surfaces connected to each other and to any adjacent perimeter by interconnecting lines with soft radii. The top surface and the side walls of the lid are connected by sculptured facets extending from back to front. The bottom portion of the grill body is formed of generally vertical walls and an inverted dome-shaped portion.

Concept Mot. at 8; Concept Resp. at 9.

#### 2. CFM's Proposed Construction

CFM submits the '012 patent should be construed to include:

> A specific clam shell shape having a rear portion of the lid whose width is substantially smaller than a forward portion of the lid, the rear portion of the side walls have a very specific concave shape, thereby providing a scalloped look (*see* Fig. 6); in addition, the side walls of the lid include a transition point at which the side walls transition from a concave shape (along the rear portion of the side wall) to a convex shape (along the front portion of the side wall); and a specific configuration of character lines and surfaces there between that form specific shapes, such shapes including shoulders that are defined between the horizontal top surface and each side wall extending above the lip of the lid, each shoulder having a concave surface; additionally, the area below the shoulder is oriented at an acute angle (relative to a vertical); a trapezoid-like shape is formed on the top front surface of the lid (*see* Fig. 2); the trapezoid-like shape has a distinctive slope that is defined by an acute angle relative to a vertical plane.

CFM Mot. at 4-6; CFM Resp. at 12.

### 3. Findings

In construing the '012 patent's claim, the court considers the patent's ornamental features and visual pictures as a whole to translate the patent's visual descriptions into words that evoke the visual image. *Contessa*, 282 F.3d at 1376; *OddzOn Prods.*, 122 F.3d at 1405; *Durling*, 101 F.3d at 103 and n.2. The parties rely on expert witness testimony to support their respective claim constructions. Because the '012 patent claim, specification, and prosecution history provide little guidance for claim construction, the court finds the expert testimony and the parties' submissions helpful. Therefore, to the extent the expert testimony is consistent with the intrinsic evidence, the court considers the expert testimony in construing the claim. *Markman*, 52 F.3d at 979-80.

The '012 patent includes seven drawings depicting various perspectives of a barbecue grill body with a clam shell shape. The body has separate top and bottom portions having a matching clam shell shape that meet at a lip-like rim when closed. The rear portion of the side walls are rounded in a concave shape. The side walls transition to a convex shape as the walls move toward the front of the body and the convex shape disappears as the side walls meet the curved front of the body. The lid has a raised section formed by a number of surfaces, with adjacent surfaces connected to each other by interconnecting, generally curved lines with soft radii. The top surface and the side walls of the lid are connected by sculptured facets extending from back to front. The top surface and side walls form shoulders extending above the lip of the lid with concave shape. The area below the shoulder is oriented at an acute angle, relative to a directly vertical angle, and the top front surface of the lid slopes at an acute angle, relative to a directly vertical angle. The bottom portion of the grill body is formed of generally vertical walls and an inverted dome-shaped portion.

### B. The '430 Patent

#### 1. Concept's Proposed Construction

Concept submits that the overall visual impression of the '430 patent should be construed as:

> A barbecue grill, including a body with the clam shell design of the '012 patent and a stand with a rectangular frame and laterally extending side trays. The frame has wheels on the two right-hand legs and none on the left. Each leg has a rectangular cross-section and all of the legs are connected by lower cross-members that also have rectangular cross-sections. There is a panel at the front of the frame with two knobs and a button. The curvature of the front panel generally matches the curvature of the front surface of the body, has a downwardly sloping surface, and inwardly tapered sides. A rectangular wire-form shelf is located at the level of the lower cross-members. The side trays are generally flat, and in plan view they are generally rectangular in their overall shape, but have open projections at the front edge with three sections molded in place.

Concept Mot. at 9; Concept Resp. at 11-12.

#### 2. CFM's Proposed Construction

CFM submits the '430 patent should be construed to include:

> The same visual description for the grill body set forth above in connection with the '012 patent. The visual description should also include a control panel having a configuration that matches the curvature of the front surface of the grill body. In addition, gaps can be seen between the grill body and the side shelves. The lid and control panel must appear to be constructed of the same material, and the side shelves and stand must appear to be constructed from a second, different material.

CFM Mot. at 7-8; CFM Resp. at 12-13.

#### 3. Findings

The parties dispute whether the drawings claim different materials for different portions of the patent. CFM asserts the patent's surface treatment shows the grill body and control panel are made of one material, while the grill stand and trays are made of a different material. However,

7

CFM confuses surface treatment with surface shading. The Manual of Patent Examining Procedure ("MPEP"), Section 1503.2, indicates design patent drawings should use appropriate surface shading to show the character or contour of the surfaces represented. Shading is normally used to show the "3-dimensional aspects of the design." *Id.* at Section II. Oblique line shading should be used to show highly polished or reflective surfaces. *Id.* In contrast, surface treatment refers to a design's indicia, contrasting colors or materials, graphic representations or other ornamentation applied to the article. *Id.* at Section IV. "A disclosure of surface treatment in a design drawing or photograph will normally be considered . . . evidence the inventor considered the surface treatment shown as an integral part of the claimed design." *Id.* The '430 patent uses surface shading to depict the rounded or contoured surfaces such as the grill body, control panel and wheels. The shading is not, however, used on parts without contours. Accordingly, the patent does not use shading to claim particular materials for the design.

In construing the '430 patent's claim, the court considers the patent's ornamental features and visual pictures as a whole to translate the patent's visual descriptions into words that evoke the visual image. *Contessa*, 282 F.3d at 1376; *OddzOn Prods.*, 122 F.3d at 1405; *Durling*, 101 F.3d at 103 and n.2. The parties rely on expert witness testimony to support their respective claim constructions. Because the '430 patent claim, specification, and prosecution history provide little guidance for claim construction, the court finds the expert testimony and the parties' submissions helpful. Therefore, to the extent the expert testimony is consistent with the intrinsic evidence, the court considers the expert testimony in construing the claim. *Markman*, 52 F.3d at 979-80.

The '430 patent includes seven drawings depicting various perspectives of a barbecue grill body on a rectangular grill stand with laterally extending side trays. The grill body is the same clam

shell design as claimed in the '012 patent with the addition of a horizontal handle on the front of the lid. The side trays are generally flat and rectangular but have open projections at the front edges and three sections molded in place. Gaps appear between the rear sides of the grill body and the laterally extending side trays. In front of the grill body and the rectangular frame is a control panel with two knobs and a button. The curvature of the front panel generally matches the curvature of the front surface of the grill body, has a downwardly sloping surface, and inwardly tapered sides. The grill stand has one wheel on each of the two right legs and there are no wheels on the two left legs. Each leg has a rectangular cross-section and all of the legs are connected by lower cross-members that also have rectangular cross-sections. A rectangular wire-form shelf is located at the level of the lower cross-members and a rectangular wire-form basket is mounted on the front of the frame below the control panel.

### C. The '026 Patent

#### 1. Concept's Proposed Construction

Concept submits that the overall visual impression of the '026 patent should be construed as:

> A barbecue grill stand with a bowed-leg X-shape formed of relatively thick structural members, each with a C-shaped cross-section, and having trays extending from each side at its top. The stand has a curved or bowed X shape considering together the legs and the arms of the stand that support a grill. The legs of the frame of the stand taper in width with the greater width toward the bottom of the stand. The tray edges are curved to match the sides of a chamber to be mounted on the stand. There are wheels at the bottom of the left pair of legs and short feet at the bottom of the right. Cross-members run from front to back at the bottom of each pair of legs. There is a U-shaped panel with a horizontal top edge and a curved bottom edge across the top front of the frame located between the arms with two circular knobs on it.

Concept Mot. at 10-11; Concept Resp. at 13-14.

9

### 2. CFM's Proposed Construction

CFM submits the '026 patent should be construed to include:

> A control panel having the specific inverse U-shape recess for housing the control knobs. Additionally, the side shelves, shelf support arms, feet, legs, and a control panel all have the appearance of being constructed of the same material, and the wheels have the appearance of being constructed of a second, different material.

CFM Mot. at 8-10; CFM Resp. at 13.

### 3. Findings

As evidenced by CFM's proposed construction, the parties dispute the implications of shading on the patent's claims. As previously discussed, the patent does not use shading to claim particular materials for the design. CFM's arguments regarding shading are rejected. In construing the '026 patent's claim, the court considers the patent's ornamental features and visual pictures as a whole to translate the patent's visual descriptions into words that evoke the visual image. *Contessa*, 282 F.3d at 1376; *OddzOn Prods.*, 122 F.3d at 1405; *Durling*, 101 F.3d at 103 and n.2. The parties rely on expert witness testimony to support their respective claim constructions. Because the '026 patent claim, specification, and prosecution history provide little guidance for claim construction, the court finds the expert testimony and the parties' submissions helpful. Therefore, to the extent the expert testimony is consistent with the intrinsic evidence, the court considers the expert testimony in construing the claim. *Markman*, 52 F.3d at 979-80.

The '026 patent includes seven drawings depicting various perspectives of a barbecue grill stand with a bowed-leg X shape with laterally extending side trays. The stand has a curved or bowed X shape considering together the legs and the arms of the stand that support a grill. The stand is formed of relatively thick structural members, each with a C-shaped cross-section. The legs of the

frame of the stand taper in width with the greater width toward the bottom of the stand. The tray edges are curved to match the sides of a chamber to be mounted on the stand. There are wheels at the bottom of the left pair of legs and short feet at the bottom of the right. Cross-members run from front to back at the bottom of each pair of legs. There is an inverse U-shape recessed panel with two control knobs. The panel is recessed within a U-shaped panel with a horizontal top edge and a curved bottom edge across the top front of the frame located between the arms.

### D. The '033 Patent

#### 1. Concept's Proposed Construction

Concept submits that the overall visual impression of the '033 patent should be construed as:

> A barbeque grill body reminiscent of a truncated paraboloid with rounded edges supported on a bowed-leg X-shaped stand of relatively thick structural members, each with a C-shaped cross-section, and having trays extending from each side at its top. The stand has a curved or bowed X shape considering together the legs and the arms of the stand that support the grill body. Further, the legs of the frame taper slightly in width with the greater width toward the bottom of the stand. The trays curve forward in their perimeter toward the front of the stand. There are wheels at the bottom of the left pair of legs and short feet at the bottom of the right. Cross-members run from front to back at the bottom of each pair of legs. There is a U-shaped panel with a horizontal top edge and a curved bottom edge across the top front of the frame between the arms with two circular knobs on it.

Concept Mot. at 12; Concept Resp. at 16-17.

#### 2. CFM's Proposed Construction

CFM submits the '033 patent should be construed to include:

The same visual description for the grill stand set forth above in connection with the '026 patent. The visual description also includes the requirement that the grill body be constructed of a material that resembles the same material as the wheels, and yet different than the material used for the remainder of the grill elements (i.e. side shelves, shelf support arms, feet, legs, and control panel).

11

CFM Mot. at 10-11; CFM Resp. at 13.

### 3. Findings

As with the '430 and '026 patents, CFM's arguments regarding shading are rejected. In construing the '033 patent's claim, the court considers the patent's ornamental features and visual pictures as a whole to translate the patent's visual descriptions into words that evoke the visual image. *Contessa*, 282 F.3d at 1376; *OddzOn Prods.*, 122 F.3d at 1405; *Durling*, 101 F.3d at 103 and n.2. The parties rely on expert witness testimony to support their respective claim constructions. Because the '033 patent claim, specification, and prosecution history provide little guidance for claim construction, the court finds the expert testimony and the parties' submissions helpful. Therefore, to the extent the expert testimony is consistent with the intrinsic evidence, the court considers the expert testimony in construing the claim. *Markman*, 52 F.3d at 979-80.

The '033 patent includes seven drawings depicting various perspectives of a barbecue grill body on a bowed-leg X shaped grill stand with laterally extending side trays. The grill stand is the same design as claimed in the '026 patent. The grill body is reminiscent of a truncated paraboloid with rounded edges.

December 6, 2004                    ENTER:

                                                                 Suzanne B. Conlon
                                                                 United States District Judge